**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN SURPLUS, INC., | ) Case Number: |
| Plaintiff, | ) [redacted] 05 319 |
| | ) |
| v. | ) |
| SJF MATERIAL HANDLING, INC. | ) |
| Defendant. | ) <u>JURY TRIAL DEMANDED</u> |

**<u>COMPLAINT</u>**

Now comes Plaintiff, American Surplus, Inc., to allege as follows:

**<u>Parties</u>**

1. Plaintiff, American Surplus, Inc. ("American"), is a Rhode Island corporation, having an office and principal place of business at 1 Noyes Avenue, East Providence, Rhode Island 02916.
2. Defendant, SJF Material Handling, Inc. ("SJF"), is a corporation organized and existing under the laws of Minnesota and having its principal place of business at 211 Baker Avenue West, Winsted, Minnesota 55395.

**Jurisdiction and Venue**

3. This action arises and is brought under the trademark laws of the United States, 15 U.S.C. § 105-1127 and under Rhode Island Law.
4. This action is based on trademark infringement, unfair competition, and false designation of origin.
5. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, and 1338.
6. The Court also has supplemental jurisdiction over the Rhode Island state law claims and pursuant to 28 U.S.C. § 1367 and that the state law claims form part of the same controversy as the claims arising under the trademark laws of the United States.
7. The Court also has original jurisdiction over the unfair competition claims pursuant to 28 U.S.C. § 1338(b) in that the claims are joined with substantial and related claims arising under the trademark laws of the United States.
8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.
9. Venue is appropriate in this district in accordance with 28 U.S.C. § 1391.
10. Upon information and belief, Defendant is, and has been, conducting continuous and systematic business by selling material handling related equipment within the state of Rhode Island and within the Judicial District of Rhode Island, and has bought, sold and stored its products in this jurisdiction.
11. Upon information and belief, Defendant is transacting business in the Judicial District of Rhode Island.

**Background Statement**

12. American has been in the material handling equipment business for over thirteen years.
13. American's material handling equipment is distributed and sold throughout the United States and Rhode Island under the trademark/service mark AMERICAN SURPLUS.
14. American and SJF are direct competitors for the same customers in connection with material handling equipment.
15. American has been doing business in the material handling equipment industry under the name AMERICAN SURPLUS continuously since 1992 and has therefore acquired common law rights in this name.
16. Upon information and belief, Defendant SJF has employed the search term AMERICAN SURPLUS in connection with its advertising account with Overture/Yahoo search marketing, an internet engine that enables advertisers such as the Defendant to link their websites to specified search terms.
17. Upon information and belief, when consumers enter the term "AMERICAN SURPLUS" into the Overture/Yahoo search engine, the first listed response is the Defendant's paid advertisement with a link to its website http://www.sjf.com/. See Exhibit A attached hereto.
18. Upon information and belief, the Defendant has supplied Overture/Yahoo with the search term AMERICAN SURPLUS and pays a fee for a priority listing.
19. Upon information and belief, the Overture/Yahoo search engine allows internet users to locate websites that match the keywords, or search terms, they enter.

20. Upon information and belief, the search engine uses algorithms to process the keywords and produce a search-results page that displays links to the websites in the search engines database that match the keyword.

21. Upon information and belief, links to the websites are usually displayed in order of decreasing relevance, with the most relevant websites listed first.

22. Upon information and belief, the relevance or priority of the Defendant's website depends on the amount paid for the advertisements.

23. Upon information and belief, the advertisements are largely indistinguishable from the non-sponsored search results.

24. Upon information and belief, internet users are not charged for these searches and millions of said searches are conducted each day on the internet.

25. On or about May 10, 2005 American Surplus wrote to SJF to demand that the Defendant stop using AMERICAN SURPLUS in its internet advertising based on the Plaintiff's established trademark rights in the name.

26. Defendant SJF was well aware of the Plaintiff's trademark rights in AMERICAN SURPLUS as the parties were involved in previous litigation and have been in competition for at least thirteen years.

27. Plaintiff American relies on the internet for its business which has been adversely affected by the Defendant's website advertising employing the keyword AMERICAN SURPLUS.

**Count I—Common Law of Trademark Infringement**

28. Plaintiff restates and incorporates paragraphs 1-27 above as though fully set forth herein.

29. Plaintiff has developed and is using the AMERICAN SURPLUS name and trademark to designate the source of its material handling equipment.

30. As a result of substantial sales and advertising by the Plaintiff of its material handling equipment, Plaintiff's name and trademark have become favorably known to the public and the trade, and identify and distinguish the source of origin of the AMERICAN SURPLUS product line.

31. The name and trademark AMERICAN SURPLUS represents a valuable and irreplaceable asset of the Plaintiff.

32. The Defendant's internet advertising uses the name of AMERICAN SURPLUS as a keyword to misdirect American's customers to the Defendant's website.

33. The Defendant has used the name and trademark of AMERICAN SURPLUS in connection with the advertising and sale of the Defendant's material handling equipment.

34. The Defendant has willfully and deliberately infringed and sought to appropriate to itself the business name and trademark of AMERICAN SURPLUS by advertising, offering for sale, and selling in interstate commerce, material handling equipment.

35. The aforesaid acts and conduct of the Defendant are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of Defendant's material handling equipment.

36. The Defendant is using AMERICAN SURPLUS'S name and is trading on American 's good reputation in furthering its business.

**Count II--- Federal Unfair Competition**

37. Plaintiff restates and incorporates by reference paragraphs 1-36 as though fully set forth herein.

38. American Surplus has used since 1992, and is presently using, the AMERICAN SURPLUS name and trademark on or in connection with its material handling equipment and in connection with advertising literature and manuals for such goods to designate the source of its material handling equipment products.

39. The Defendant's internet advertising uses the Plaintiff's name as a keyword to misdirect American's customers to Defendant's website.

40. The Defendant has used American's name in connection with the advertising and sale of Defendant's products.

41. The Defendant has willfully and deliberately infringed to appropriate to itself the AMERICAN SURPLUS name and trademark by using AMERICAN SURPLUS in connection with the advertising, offering for sale and sale of material handling equipment in interstate commerce.

42. Defendant's activities of using an identical mark, palming off, and misdirecting traffic constitute use of false designation of origin in interstate commerce, which wrongfully and falsely designates, describes or represents the origin of Defendant's products, services, information as originating from or being connected with American Surplus, and is likely to cause confusion as to Defendant's affiliation, connection, or association with American or as to the origin, sponsorship, or approval of Defendant's products by the Plaintiff.

43. Defendant's acts violate of 15 U.S.C. § 1125(a) in that Defendant has used a false designation of origin, or a false description or representation, and has caused such wrongfully and falsely designated products to enter into commerce.

44. Defendant has infringed American's name and trademark as alleged herein with the intent to deceive the public into believing the material handling equipment sold by the Defendant is made, approved, or sponsored by American or is affiliated with American.

45. Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as those of American, with the intent to deceive and defraud the public.

46. Defendant's conduct of knowingly and willfully directly reproducing, counterfeiting, copying or making a colorable imitation of trademarks, has been an act of unfair competition against American.

47. The aforesaid acts and conduct of the Defendant are in violation of 15 U.S.C. § 1125 and are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of Defendant's material handling equipment products, and has caused such confusion, mistake and deception.

48. Defendant has unfairly competed with American by the acts herein and complained of and has done so intentionally.

## Count III--- False Designation of Origin

49. Plaintiff restates and incorporates by reference paragraphs 1-48 as though fully set forth herein.

50. Defendant has used and caused its internet advertising on the Overture/Yahoo search engine to enter into interstate commerce with false designations and representations.

51. Such use is a false designation of origin that is likely cause confusion, cause mistake or to deceive as to the affiliation, connection or association of Defendant with American and as to the origin, sponsorship or approval of products by American.

52. These acts are in violation of 15 U.S.C. § 1125(a) in that the Defendant has used in connection with goods of a false designation of origin, false and misleading description, and representation of fact that is likely to cause confusion, and to cause mistakes, and to deceive as to the affiliation, connection or association of Defendant with American and as to the origin, sponsorship or approval of the Defendant's goods by American.

## Count IV--- Common Law Unfair Competition

53. Plaintiff restates and incorporates by reference paragraphs 1-52 as though fully set forth herein.
54. Defendant has used the AMERICAN SURPLUS name to confuse actual and potential customers of American as to the source of Defendant's products.
55. Defendant has made the internet advertising to appear to suggest an affiliation, connection or sponsorship with American to the relevant class of customers and potential customers.
56. Defendant attempted to palm off its products as those of American.
57. Defendant's deceptive business practices, infringement, and unfair competition have been committed with the intent to cause confusion, to cause mistake and to deceive.
58. The Defendant has unfairly competed with American by the acts complained of herein and has done so intentionally.

## Jury Demand

Plaintiff American Surplus, Inc. demands a trial by jury on all matters so triable.

## Prayer for Relief

WHEREFORE, the Plaintiff American Surplus, Inc. requests that this Court:

1. Order that the Defendant SJF immediately cease its internet advertising with the keyword AMERICAN SURPLUS.

2. Terminate any other infringing activities on Plaintiff's name and trademark or otherwise unlawfully competing with the Plaintiff.
3. Doing any other act or thing calculated to, tending to or likely to induce the belief that Defendant's website, business or products originate with, or are approved by, or in any way are sponsored by or connected with Plaintiff's business or products.
4. Award to the Plaintiff its damages in such sum as the Court shall find to be just as a result of the Defendant's conduct complained of herein.
5. Award to the Plaintiff damages in an amount sufficient for corrective advertising.
6. Award to the Plaintiff an increase in the award of damages up to three times the amount found for deliberate and willful trademark infringement and unfair competition by the Defendant pursuant to 15 U.S.C § 117(a).
7. Require Defendant to pay such damages as the Plaintiff has sustained as the consequence of Defendant's trademark infringement, unfair competition and false designation of origin.
8. Award to Plaintiff elected, statutory damages in the amount of $100,000 for the improper use of the Plaintiff's trademark by the Defendant.
9. Require the Defendant to pay the cost of this action together attorneys' fees and disbursements incurred herein.
10. Award to the Plaintiff pre-judgment and post-judgment interest; and
11. Award to Plaintiff such other and further relief as this Court deems just and equitable.

Plaintiff American Surplus, Inc.

By its attorney,

Date: July 20, 2005

Harris K. Weiner, Esq. (#3779)
The Law Offices of Jeffrey B. Pine, Esq. PC
321 South Main St., Suite 302
Providence, RI 02903
Telephone: 401-351-8200
Facsimile: 401-351-9032