**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN SURPLUS, INC.<br>Plaintiff, | : | C.A. No. 05-319S |
| vs. | : | |
| SJF MATERIAL HANDLING, INC.<br>Defendant. | : | |

# ANSWER

Defendant, SJF Material Handling, Inc. ("Defendant") hereby responds to the Complaint filed by plaintiff, American Surplus, Inc. ("American Surplus"), as follows:

## Parties

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies same.

2. Defendant admits the allegations contained in paragraph 2.

## Jurisdiction and Venue

3. Paragraph 3 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Paragraph 5 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5.

6. Paragraph 6 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 6.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Paragraph 9 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11.

11. Defendant admits the allegations contained in paragraph 11.

**Background Statement**

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

14. Defendant admits that it has sells material handling equipment to customers and that Plaintiff has attempted to compete with Defendant to sell material handling equipment to some or all of those same customers.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies same.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies same.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies same.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant admits that the parties were involved in previous litigation pursuant to which a consent judgment entered against American Surplus, Inc. and admits that Defendant and Plaintiff are competitors but denies the remaining allegations contained in paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies same.

**Count I – Common Law of Trademark Infringement**

28. Defendant repeats and realleges its responses to paragraphs 1 through 28 as if fully set forth herein.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies same.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

**Count II – Federal Unfair Competition**

37. Defendant repeats and realleges its responses to paragraphs 1 through 36 as if fully set forth herein.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies same.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

**Count III – False Designation of Origin**

49. Defendant repeats and realleges its responses to paragraphs 1 through 48 as if fully set forth herein.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

**Count IV – Common Law Unfair Competition**

53. Defendant repeats and realleges its responses to paragraphs 1 through 52 as if fully set forth herein.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

Defendant specifically denies that Plaintiff is entitled to the relief sought in the Wherefore clause following paragraph 58.

**Affirmative Defenses and Other Defenses**

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Defendant asserts the defense of fair use: the use of the name, term or device charged to be an infringement is a use, other than as a mark, of a term or device which is descriptive of and used fairly and in good faith only to describe the goods and services of Defendant, or their geographic origin, pursuant to 15 U.S.C. § 1115(b)(4).

**Third Defense**

Defendant asserts the defense of trademark invalidity.

**Fourth Defense**

Defendant asserts the defenses of laches and estoppel.

**Fifth Defense**

Plaintiff is not entitled to statutory or treble damages.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE.**

SJF MATERIAL HANDLING, INC.
By its Attorneys,

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: September 16, 2005

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 16 day of September, 2005, I caused a true and accurate copy of the foregoing *Answer to Complaint* to be served by First Class Mail on the above-named counsel of record.

Theresa Benson