# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN SURPLUS, INC., | ) Case Number: 05-319S |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| SJF MATERIAL HANDLING, INC. | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to Fed. R. Civ. P. Rules 37(a), American Surplus, Inc. moves this Court for an Order compelling Defendant SJF Material Handling, Inc. to answer fully the remaining disputed interrogatories in Plaintiff's First Set of Interrogatories and to respond to Plaintiff's First Request for Production of Documents as set forth in Plaintiff's accompanying Memorandum of Law in Support of this Motion.

In support of this Motion, Plaintiff states as follows:

1. On February 14, 2006 Plaintiff filed and served its First Request for Production of Documents and First Set of Interrogatories.
2. On or about March 20, 2006 Defendant served purported responses to Plaintiff's First Request for Production of Documents and First Set of Interrogatories.
3. In these initial responses, Defendant refused to provide a large portion of the requested information.
4. Plaintiff has in good faith conferred with the Defendant in an effort to secure the answers and documents without court action.

5. After negotiation, Defendant continued to refuse to provide the remaining information requested, objecting to disclosure on the basis of view of what issues are relevant to the case and what grounds are the basis for withholding.
6. As more fully set out and explained in Plaintiff's Memorandum in support of this Motion, each of the Plaintiff's interrogatories and document requests seeks relevant and admissible information or information reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order compelling Defendant to respond fully to Interrogatories 6, 8, 9, 10, 11, 13, 15, and 16 and to provide documents in response to Requests 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 in its First Request for Production of Documents and to produce all responsive documents within ten days of the Court's Order, and awarding Plaintiff its reasonable costs including attorneys' fees incurred in connection with this Motion.

Discovery requests, partial responses and objections are attached hereto.

Respectfully submitted,
Plaintiff American Surplus, Inc.
By its attorney,

Harris K. Weiner, Esq. (#3779)
The Law Offices of Jeffrey B. Pine, Esq. PC
321 South Main St., Suite 302
Providence, RI 02903
Telephone: 401-351-8200
Facsimile: 401-351-9032

## CERTIFICATION

I, the undersigned, hereby certify that on this 13th day of April 2006, I mailed a true copy of the foregoing *Motion to Compel* to Christine Bush, Esq. Duffy Sweeney & Scott, Ltd One Turks Head Place, Suite 1200, Providence, RI 02903.

Leslie Luciano

Leslie A. Luciano

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN SURPLUS, INC., | ) Case Number: 05-319S |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| SJF MATERIAL HANDLING, INC. | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Pursuant to Fed. R. Civ. P. 37(a) and the corresponding local rule of this Court, Plaintiff American Surplus, Inc. moves to compel more responsive answers to interrogatories and production of documents from the Defendant SJF Material Handling, Inc. Plaintiff propounded interrogatories and a request for production of documents upon Defendant on February 14, 2006. Defendant responded on or about March 20, 2006 with incomplete and inadequate responses. Specifically, the Defendant failed in whole or significant part to answer Interrogatories 6, 8, 9, 10, 11, 13, 15 and 16 and failed to properly respond to Requests for Production Numbers 2 through 12. Defendant refused to comply based on the following repeated objection:

"Defendant objects to Interrogatory [ ] on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Interrogatory [ ] seeks confidential and proprietary business information."

" The burden is on the objecting party to justify its withholding of information." Wright, Miller And Marcus, CIVIL PRACTICE AND PROCEDURE § 2035, 2173, 2176 (1994). The Court should favor full and fair disclosure, reserving its discretion to issue protective orders to unjustifiably burdensome or unreasonably complex or technical discovery demands that are contrary to the spirit of the Federal Rules of Civil Procedure. Id at 2176.

This is a trademark infringement action. The Plaintiff is entitled to an accounting and to information about the Defendant's sales for purposes of establishing damages. 15 U.S.C. § 1117. The burden is upon the defendant to prove items of cost. All the plaintiff has to demonstrate is the defendant's gross income from the infringement. The public's interest in preventing deceptive trade practices warrants the profits associated with the infringement to be awarded to the plaintiff. Monsanto Chemical Co. v. Perfect Fit Products Manufacturing Co., 349 F. 2d 389 (2nd Cir. 1965). Under both the Lanham act and the common law of trademark, the plaintiff is entitled to know what revenue was generated by the defendant's infringement. Under the circumstances of the case at bar, only the defendant has this information which is relevant, material and admissible.

Defendant has refused to supply properly requested information regarding its advertising (Interrogatories 8, 9, Request 10) internet search terms (Interrogatory 9, Request 5) arrangements with commercial search engines (Interrogatory 11, Request 3), trademark registration activity (Interrogatory 13, Request 12) communications between the parties (Interrogatory 15), internet-related sales (Interrogatory 16, Requests 8, 9), Defendant's website (Request 4), prior litigation (Request 6), Defendants minimum contracts here (Request 7), infringement (Request 11).

Plaintiff needs the sales, overhead and internet information to prove damages. The material is not available from other sources. Plaintiff intends to take the Rule 30(b)(6) deposition of the Defendant and will inquire into these areas as well as other topics listed above which are calculated to lead to the discovery of admissible evidence on minimum contracts, infringement and damages. It is the intention of the Plaintiff to use this ruling on the scope of permissible discovery to govern the deposition which is now scheduled to take place on May 12, 2006, one week prior to the close of discovery.

Plaintiff therefore requests a ruling on this Motion to Compel prior to May 10, 2006 due to the parties' travel requirements for the Defendant's deposition.

Respectfully submitted,
Plaintiff American Surplus, Inc.
By its attorney,

Harris K. Weiner, Esq. (#3779)
The Law Offices of Jeffrey B. Pine, Esq. PC
321 South Main St., Suite 302
Providence, RI 02903
Telephone: 401-351-8200
Facsimile: 401-351-9032

**CERTIFICATION**

I, the undersigned, hereby certify that on this 13th day of April 2006, I mailed a true copy of the foregoing *Memorandum of Law in Support of Plaintiff's Motion to Compel* to Christine Bush, Esq. Duffy Sweeney & Scott, Ltd One Turks Head Place, Suite 1200, Providence, RI 02903.

Leslie A. Luciano

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AMERICAN SURPLUS, INC., | ) Case Number: 05-319S |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| SJF MATERIAL HANDLING, INC. | ) |
| Defendant. | ) |

## CERTIFICATION

Plaintiff American Surplus, Inc. hereby certifies that its counsel conferred with counsel for Defendant SJF Material Handling, Inc. in an attempt to resolve discovery disputes prior to the filing of the accompanying Motion to Compel Discovery.

Respectfully submitted,
Plaintiff American Surplus, Inc.
By its attorney,

[signature]

Harris K. Weiner, Esq. (#3779)
The Law Offices of Jeffrey B. Pine, Esq. PC
321 South Main St., Suite 302
Providence, RI 02903
Telephone: 401-351-8200
Facsimile: 401-351-9032

## CERTIFICATION

I, the undersigned, hereby certify that on this 13th day of April 2006, I mailed a true copy of the foregoing *Certification* to Christine Bush, Esq. Duffy Sweeney & Scott, Ltd One Turks Head Place, Suite 1200, Providence, RI 02903.

[signature]

Leslie A. Luciano