UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN SURPLUS, INC.<br>Plaintiff, | : | C.A. No. 05-319S |
| vs. | : | |
| SJF MATERIAL HANDLING, INC.<br>Defendant. | : | |

**<u>DEFENDANT SJF MATERIAL HANDLING, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

Defendant, SJF Material Handling, Inc. ("Defendant") hereby responds to the First Set of Interrogatories filed by plaintiff, American Surplus, Inc. ("American Surplus"), as follows:

**<u>INTERROGATORY NO. 1:</u>**

Identify all persons who provided information for answers to these Interrogatories or responses to Plaintiff's First Request for Production of Documents.

**<u>RESPONSE TO INTERROGATORY NO. 1:</u>**

Stafford Sterner, President of SJF Material Handling, Inc.

**<u>INTERROGATORY NO. 2:</u>**

Identify all documents reviewed in the preparation of your answers to these interrogatories.

**<u>RESPONSE TO INTERROGATORY NO. 2:</u>**

None.

**<u>INTERROGATORY NO. 3:</u>**

Identify each person having knowledge of any of the facts alleged in Defendant's Answer.

**RESPONSE TO INTERROGATORY NO. 3:**

Stafford Sterner and Kent Powell.

**INTERROGATORY NO. 4:**

With respect to all such persons, identify the facts about which each person has knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 on the grounds that Defendant did not "allege" any facts in its Answer. Without waiving said objection and subject specifically thereto, Mr. Sterner has knowledge of the contents of Defendant's Answer. Mr. Powell has knowledge concerning web site development.

**INTERROGATORY NO. 5:**

Identify each person you expect to call as a non-expert witness to testify at the trial in this action, including the address and telephone number of each such person.

**RESPONSE TO INTERROGATORY NO. 5:**

Stafford Sterner and Kent Powell. Both may be contacted through Defendant's counsel.

**INTERROGATORY NO. 6:**

Please describe, in detail, the facts upon which you believe this person will testify.

**RESPONSE TO INTERROGATORY NO. 6:**

It is believed that Mr. Sterner will testify as to the allegations in Plaintiff's Complaint and Defendant's response thereto.

**INTERROGATORY NO. 7:**

Identify each person you expect to call as an expert witness at the trial in this matter, describe his/her background and experience, state the subject matter on which each expert is expected to testify, state the substance of the facts and opinions to which each expert is expected to testify and summarize the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 on the grounds it seeks premature identification of expert witnesses in advance of the date set by the Court's Pretrial Order. Defendant will identify any expert witness pursuant to the Pretrial Order.

**INTERROGATORY NO. 8:**

Describe in detail all the Defendant's advertising activities including but not limited to internet advertising.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to Interrogatory No. 8 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Without waiving said objections, Defendant has a contract with Yahoo to increase its visibility to Internet users who enter certain keywords in the Yahoo search engine. The contract contains 2,000 - 3,000 different search terms. Among those terms are both "American" and "surplus," which serve as descriptors of SJF's business. "AMERICAN SURPLUS" however, is not a phrase for which Defendant pays.

**INTERROGATORY NO. 9:**

List all search terms purchased by the Defendant through commercial search engines such as YAHOO and Google and describe when they were purchased, the terms of the purchase, the combinations purchased, the payment terms, the duration of the contracts, the number of hits or contacts for each term and the corresponding number of sales by the Defendant including total dollar amount.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Interrogatory No. 9 seeks confidential and proprietary business information. Without waiving said objections, and subject specifically thereto, Defendant has a contract with Yahoo to increase its visibility to Internet users who enter certain keywords in the Yahoo search engine. The contract contains 2,000 - 3,000 different search terms. Among those terms are both "American" and "surplus," which serve as descriptors of SJF's business.

**INTERROGATORY NO. 10:**

What measures, if any, were taken to avoid infringement on other parties' intellectual property rights in connection with Defendant's internet advertising?

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant's contract with Yahoo contains 2,000 - 3,000 different search terms.

**INTERROGATORY NO. 11:**

Were any instructions, limitations or precautions issued to the commercial search engines such as YAHOO and Google regarding the combination "AMERICAN SURPLUS"?

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Interrogatory No. 11 seeks confidential and proprietary business information.

**INTERROGATORY NO. 12:**

Who in the Defendant's organization were responsible for internet advertising, who maintains the company's website and who makes decisions regarding the purchase of search terms, search engines, contracts and internet advertising and provide his or her name, title, duration of employment with Defendant and address.

**RESPONSE TO INTERROGATORY NO. 12:**

Stafford Sterner. Mr. Sterner may be contacted through Defendant's counsel.

**INTERROGATORY NO. 13:**

Describe any and all efforts and activities by Defendant to investigate, inquire, or apply for the AMERICAN SURPLUS MARK including dates of said activities.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects to Interrogatory No. 13 to the extent it seeks the production of information

protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving said objections, Defendant never investigated, inquired, or applied for "American Surplus" but is aware of Plaintiff's pending application before the United States Patent and Trademark office.

**INTERROGATORY NO. 14:**

Identify all facts in support of Defendant's Affirmative Defenses.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant's Second Affirmative Defense speaks for itself, namely that Defendant has in good faith used the terms "American" and "surplus" in to describe Defendant's goods and services.

In its Third Affirmative Defense Defendant alleged that Plaintiff's so-called trademark is invalid. Among other things, "American Surplus" describes plaintiff's business and is therefore a weak mark afforded little, if any, protection under the law. This Affirmative Defense was raised so it was not waived, and Defendant will supplement its response to this Interrogatory after Plaintiff has responded to written discovery and has been deposed.

In its Fourth Affirmative Defense Defendant asserted the defenses of laches and estoppel to bar Plaintiff from seeking recovery beyond the applicable statute of limitations.

In its Fifth Affirmative Defense Defendant asserted that Plaintiff is not entitled to statutory or treble damages. Defendant raised that Affirmative Defense because Plaintiff erroneously relied on a statutory provisions that do not apply to the facts of this case.

**INTERROGATORY NO. 15:**

Describe any and all communications between Defendant and the Plaintiff since 1990.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to Interrogatory No. 15 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action.

**INTERROGATORY NO. 16:**

Describe Defendant's annual sales including but not limited to internet sales, internet sales arising from its website, internet sales arising from search engines and general sales for each of the past five years.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to Interrogatory No. 16 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Interrogatory No. 16 seeks confidential and proprietary business information.

As to Answers:
SJF MATERIAL HANDLING, INC.

Sworn to Under the Penalties of Perjury

As to Objections:
SJF MATERIAL HANDLING, INC.
By its Attorneys,

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: March 20, 2006

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 30th day of March, 2006, I caused a true and accurate copy of the foregoing *Response to First Set of Interrogatories* to be served by First Class Mail on the above-named counsel of record.

*SJF Material Handling/Pleadings/Response to First Inters*