UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN SURPLUS, INC. :
Plaintiff, :
: C.A. No. 05-319S
:
vs. :
:
SJF MATERIAL HANDLING, INC. :
Defendant. :

**DEFENDANT SJF MATERIAL HANDLING, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, SJF Material Handling, Inc. ("Defendant") hereby responds to the First Request for Production filed by plaintiff, American Surplus, Inc. ("American Surplus"), as follows:

**REQUEST NO. 1:**

Documents sufficient to show the personnel and organizational structure of SJF since 1992.

**RESPONSE TO REQUEST NO. 1:**

None.

**REQUEST NO. 2:**

All documents concerning AMERICAN SURPLUS.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to Request No. 2 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects to Request No. 2 to the extent it seeks the production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without

waiving said objections and subject specifically thereto, the only documents concerning American Surplus that are relevant to any claim or defense of either party in this action in Defendant's care, custody or control are the pleadings filed with the Court, copies of which have been provided to Plaintiff.

**REQUEST NO. 3:**

All documents concerning any and all contracts between SJF and commercial search engines including, but not limited to, YAHOO, and Google.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to Request No. 3 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 3 seeks confidential and proprietary business information. Without waiving said objections and subject specifically thereto, Defendant will produce the template of the contract it signed.

**REQUEST NO. 4:**

All documents concerning the development, operation and activities of SJF's website including, but not limited to, hits or contacts received annually since 1992.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to Request No. 4 on the grounds it is overly broad, unduly burdensome and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 4 seeks confidential and proprietary business information. Without waiving said objections and subject specifically thereto,

Defendant will produce documents showing hits to Defendant's website to the extent such information is available.

**REQUEST NO. 5**:

Any and all documents related to search terms purchased by SJF from search engines including, but not limited to, YAHOO and Google.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to Request No. 5 on the grounds it is overly broad, unduly burdensome and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 5 seeks confidential and proprietary business information.

**REQUEST NO. 6**:

All documents concerning previous litigation between AMERICAN SURPLUS and SJF.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to Request No. 6 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects to Request No. 6 to the extent it seeks the production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving said objections and subject specifically thereto, copies of correspondence between the parties and pleadings in any litigation between these parties is in the care, custody or control of Plaintiff.

**REQUEST NO. 7**:

All documents concerning SJF's business activities in Rhode Island.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to Request No. 7 on the grounds it is seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 7 seeks confidential and proprietary business information.

**REQUEST NO. 8**:

All documents related to SJF's annual sales from its website and/or the internet.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to Request No. 8 on the grounds it is overly broad, unduly burdensome and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 8 seeks confidential and proprietary business information.

**REQUEST NO. 9**:

Any and all documents related to SJF's annual sales, profits, overhead and internet expenses.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to Request No. 9 on the grounds it is overly broad, unduly burdensome and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 9 seeks confidential and proprietary business information.

**REQUEST NO. 10**:

Any and all documents related to SJF's advertising, including, but not limited to its internet advertising.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to Request No. 10 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Request No. 10 seeks confidential and proprietary business information. Without waiving said objections and subject specifically thereto, Defendant will produce exemplars of non-confidential advertisements for the period July 20, 2002 through present.

**REQUEST NO. 11:**

Any and all of SJF's documents that include the term "AMERICAN SURPLUS" or "AMERICAN" or "SURPLUS."

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to Request No. 11 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Without waiving said objections and subject specifically thereto, see documents produced in response to Request No. 10.

**REQUEST NO. 12:**

Any and all documents involving the AMERICAN SURPLUS Mark including, but not limited to, correspondence, investigation, applications, and inquiries.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to Request No. 12 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects to Request No. 12 to the extent it seeks the production of information protected

from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving said objections and subject specifically thereto, it is Defendant's understanding that on May 10, 2005, Plaintiff filed an application with the United States Patent and Trademark Office ("PTO") to register the service mark "AMERICAN SURPLUS." That application will be published for opposition in the Official Gazette on March 21, 2006. Documents concerning correspondence, investigation, applications, and inquiries to the PTO are all in the care, custody or control of Plaintiff.

SJF MATERIAL HANDLING, INC.
By its Attorneys,

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: March 20, 2006

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 20 day of March, 2006, I caused a true and accurate copy of the foregoing *Response to First Request for Production* to be served by First Class Mail on the above-named counsel of record.

*SJF Material Handling/Pleadings/Response to First RFP*