**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN SURPLUS, INC.<br>Plaintiff,<br><br>vs.<br><br>SJF MATERIAL HANDLING, INC.<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-319S |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant, SJF Material Handling, Inc. ("SJF"), hereby objects to plaintiff, American Surplus, Inc.'s, Motion to Compel Discovery. As grounds for this objection, SJF relies on the Memorandum of Law filed herewith.

SJF MATERIAL HANDLING, INC.
By its Attorneys,

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: April 27, 2006

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 27 day of April, 2006, I caused a true and accurate copy of the foregoing *Objection* to be served by First Class Mail on the above-named counsel of record.

Theresa Benson

H:\Clients\SJF Material Handling\Pleadings\Obj MCompel Discovery.doc

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN SURPLUS, INC.<br>Plaintiff, | : | |
| | : | C.A. No. 05-319S |
| vs. | : | |
| SJF MATERIAL HANDLING, INC.<br>Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO MOTION TO PLAINTIFF'S TO COMPEL DISCOVERY**

On July 20, 2005, American Surplus, Inc. ("American Surplus") sued SJF Material Handling, Inc. ("SJF") for alleged trademark infringement. In its Complaint, American Surplus asserts that it has common law rights in the mark AMERICAN SURPLUS and alleges that SJF infringed those common law rights when SJF "employed the search term AMERICAN SURPLUS in connection with its advertising account with Overture/Yahoo." (Compl., ¶ 16.) SJF has denied that it bid on AMERICAN SURPLUS as a search term and has denied infringing Plaintiff's rights in any mark.

On April 13, 2006, American Surplus moved to compel SJF to produce additional documents and information responsive to its Interrogatories and Requests for Production of Documents. Plaintiff's two page Memorandum of Law filed in support of its Motion to Compel does not sufficiently explain why it is entitled to additional information in response to each of the specific nineteen discovery requests purportedly at issue. For that reason, and as articulated further herein, Plaintiff's Motion to Compel should be denied.

## INTERROGATORIES AT ISSUE

**Interrogatory No. 6**

Plaintiff's Interrogatory No. 6 asked that SJF "please describe, in detail, the facts upon which you believe this person will testify." SJF responded that "It is believed that Mr. Sterner will testify as to the allegations in Plaintiff's Complaint and Defendant's response thereto."

Plaintiff's barebones Motion makes it difficult to discern the nature of Plaintiff's issue with the Interrogatory Response. To the extent Plaintiff's motion is directed to the fact that SJF named Mr. Kent Powell as a potential witness in response to Interrogatory No. 5, SJF noted in response to Interrogatory No. 4 that Mr. Powell has knowledge concerning website development. SJF expects that Mr. Powell would testify as to that website development. Since, however, SJF's response to Interrogatory No. 6 was complete as it was initially posed, Plaintiff's motion should be denied.

**Interrogatory No. 8**

Interrogatory No. 8 sought the detail of SJF's "advertising activities, including, but not limited to, internet advertising." In response, SJF provided the details of its advertising activities that are the subject of this suit:

> Defendant objects to Interrogatory No. 8 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Without waiving said objections, Defendant has a contract with Yahoo to increase its visibility to Internet users who enter certain keywords in the Yahoo search engine. The contract contains 2,000 - 3,000 different search terms. Among those terms are both "American" and "surplus," which serve as descriptors of SJF's business. "AMERICAN SURPLUS," however, is not a phrase for which Defendant pays.

Since those are the only activities at issue here, SJF's advertising activities in other forms are not relevant to Plaintiff's claims as currently pled. Accordingly, Plaintiff's motion should be denied.

**Interrogatory No. 9**

In Interrogatory No. 9, ASI requested that SJF "list all search terms purchased by the Defendant through commercial search engines such as YAHOO and Google and describe when they were purchased, the terms of the purchase, the combinations purchased, the payment terms, the duration of the contracts, the number of hits or contacts for each term, and the corresponding number of sales by the Defendant, including total dollar amount." SJF responded:

> Defendant objects to Interrogatory No. 9 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects on the grounds that Interrogatory No. 9 seeks confidential and proprietary business information. Without waiving said objections, and subject specifically thereto, Defendant has a contract with Yahoo to increase its visibility to Internet users who enter certain keywords in the Yahoo search engine. The contract contains 2,000 - 3,000 different search terms. Among those terms are both "American" and "surplus," which serve as descriptors of SJF's business.

There is one search term at issue in this case: "American Surplus." ASI is not entitled to use litigation as a tool to discover SJF's successful business strategy by learning the other words SJF uses to invite potential customers to its website. Moreover, whether SJF purchased, for example, the terms "tool" or "conveyor," when SJF purchased those words, and how much SJF bid per click is irrelevant to whether SJF infringed ASI's purported common law rights in the mark AMERICAN SURPLUS.

With respect to the remainder of the Interrogatory, SJF has responded in full. Since it never purchased the term "American Surplus," it cannot provide "the terms of the purchase, the

combinations purchased, the payment terms, the duration of the contracts, the number of hits or contacts for each term [or] the corresponding number of sales by the defendant, including total dollar amount." Since SJF responded in full to the Interrogatory as it relates to the one search term at issue, i.e. "American Surplus," Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Interrogatory No. 9, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).[1]

**Interrogatory No. 10**

Interrogatory No. 10 asked, "What measures, if any, were taken to avoid infringement on other parties' intellectual property rights in connection with Defendant's internet advertising?" SJF responded that its "contract with Yahoo contains 2,000 - 3,000 different search terms." By bidding on such a diffuse list of words, SJF avoids any party's purported intellectual property rights, and, as far as SJF is aware, none of the terms it bid on from Yahoo is any party's trademark. Since SJF responded to the Interrogatory, Plaintiff's motion should be denied.

**Interrogatory No. 11**

Interrogatory No. 11 asked, "Were any instructions, limitations or precautions issued to the commercial search engines such as YAHOO and Google regarding the combination "AMERICAN SURPLUS?" In response, SJF responded that the Interrogatory was overly broad and sought irrelevant information as well as confidential and proprietary information.

---

[1] If the parties cannot agree on the form of Order, SJF will file a Motion for Protective Order concerning the information in question.

Interrogatory No. 11 is overly broad because it seeks information concerning commercial search engines other than Yahoo, even though Plaintiff's Complaint is limited to allegations concerning Yahoo. Any discovery of search engines other than Yahoo is outside the scope of the Complaint as pled. The information sought also is irrelevant to the infringement analysis under either the common law or the Lanham Act. For these reasons, Plaintiff's motion should be denied.

Finally, communications between SJF and its advertisers are confidential and proprietary and should not be disclosed to ASI, especially since the information is irrelevant to the infringement analysis. To the extent the Court orders SJF to produce anything further in response to Interrogatory No. 11, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Interrogatory No. 13**

Interrogatory No. 13 asked that SJF "describe any and all efforts and activities by Defendant to investigate, inquire, or apply for the AMERICAN SURPLUS mark including dates of said activities." SJF responded that:

> Defendant objects to Interrogatory No. 13 on the grounds it is overly broad and seeks information that is not relevant to any claim or defense of either party in this action. Defendant further objects to Interrogatory No. 13 to the extent it seeks the production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving said objections, **Defendant never investigated, inquired, or applied for "American Surplus"** but is aware of Plaintiff's pending application before the United States Patent and Trademark office. (Emphasis added.)

Since SJF responded to the Interrogatory that it never "investigated, inquired, or applied for 'American Surplus,'" it has responded in full to the Interrogatory, and Plaintiff's motion should be denied.

**Interrogatory No. 15**

ASI asked that SJF "describe any and all communications between Defendant and the Plaintiff since 1990." SJF objected that the Interrogatory is overly broad and seeks irrelevant information.

Plaintiff has not articulated how every communication it had with SJF for the past sixteen years is relevant to whether Plaintiff has an enforceable mark and/or whether SJF infringed its common law trademark rights and/or violated the Lanham Act. Moreover, since ASI only claims rights in the mark since 1992, the Interrogatory is overly broad on its face. For these reasons, Plaintiff's motion should be denied.

**Interrogatory No. 16**

In Interrogatory No. 16, Plaintiff sought information concerning SJF's annual sales, including, but not limited to, internet sales, internet sales arising from its website, internet sales arising from search engines, and general sales for each of the past five years. SJF objected to Interrogatory No. 16 on the grounds that it was overly broad, seeks information not relevant to any claim raised in this action, and seeks confidential and proprietary business information. SJF's response is entirely proper.

With respect to the breadth and burdensome objections, this case only involves internet issues, so SJF's annual sales, profits, and overhead and internet expenses are not relevant to Plaintiff's damage calculations, which presumably is the reason for the Interrogatory. Moreover, even internet and website sales include far more than simply those sales generated by key words,

all of which would be irrelevant to Plaintiff's damage calculations. In addition, there is no way to link any particular sale to any key word that might have sparked interest in the website because SJF cannot identify who typed in the key word, whether that person then clicked on the SFJ website, and then whether that person purchased anything from SJF. Finally, he Interrogatory seeks information for the past five years even though Plaintiff's Complaint is based solely on allegations in 2005 and 2006.[2] Accordingly, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders Defendant to produce sales information, Defendant requests that such sales information be produced pursuant to a protective order that allows Defendant to provide the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c). Plaintiff has repeatedly asserted that Plaintiff and Defendant are competitors, and this is highly sensitive information that would not be shared between competitors under any circumstances. Accordingly, Defendant respectfully requests that, if the Court grants Plaintiff's motion with respect to Interrogatory No. 16, Defendant be allowed to produce the information in the context of an "Attorney's Eyes Only" designation.

## REQUESTS FOR PRODUCTION AT ISSUE

### Request No. 2

In Request for Production No. 2, Plaintiff sought "all documents concerning American Surplus." As is apparent from Defendant's response to Request No. 2, Defendant objected that the information is overly broad since it could presumably include documents that were involved in the prior litigation between these parties, which is irrelevant to the instant matter. Without waiving those objections, SJF responded that all of the documents concerning American Surplus

[2] By Plaintiff's admission, the allegedly infringing activity stopped.

that are relevant to this claim are the pleadings filed in this case, copies of which have been provided to Plaintiff. There are no additional non-privileged documents responsive to Request No. 2 relevant to this case in Defendant's possession, custody, or control. Accordingly, Plaintiff's motion should be denied.

**Request No. 3**

In Request No. 3, Plaintiff sought "all documents concerning any and all contracts between SJF and commercial search engines, including, but not limited to, Yahoo and Google." Defendant objected that the Request is overly broad and further objected that the request seeks confidential and proprietary and business information. Notwithstanding those objections, SJF produced the template of the contract it signed with Yahoo, which is the subject of the instant dispute.

There is no basis to compel Defendant to produce every contract that it signed with any commercial search engine regardless of the search terms that SJF bid on, nor is there any basis to compel production of contracts with any search engine other than Yahoo, which is the subject of this dispute. In response to Plaintiff's allegations that SJF's bids with Yahoo are the subject of this dispute, SJF produced a template of the contract it signed with Yahoo. Anything further, especially requiring Defendant to produce all search terms it bid on, invades Defendant's proprietary business information, none of which is relevant to the instant case, which solely involves the term "American Surplus". For these reasons, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 3, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the

information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Request No. 4**

Request No. 4 seeks "all documents concerning the development, operation and activities of SJF's website, including, but not limited to, hits or contacts received annually since 1992." Defendant does not keep historical documents showing hits to its website, but it did produce available information showing current hits to Defendant's website. That is the only information in SJF's possession that is even arguably relevant to this case.

The other information sought, "documents concerning the development, operation, and activities of SJF's website," is irrelevant to this case and is proprietary business information, both of which SJF raised in objecting to the Request. Plaintiff's Complaint does not allege that the development, operation, and activities of SJF's website are in any way infringing Plaintiff's trademark. To the contrary, Plaintiff claims that SJF infringed its purported mark by bidding on search terms with a non-party search engine; nothing in that bidding relationship implicates the development, operation, and activities of SJF's website. Unless and until Plaintiff amends its Complaint to include allegations that the development, operation, and activities of SJF's website somehow constitutes infringement of Plaintiff's purported trademark, none of the additional information sought in Request No. 4 is relevant to the instant case. For these reasons, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 4, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the

information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Request No. 5**

Request No. 5 sought "any and all documents related to search terms purchased by SJF from search engines, including, but not limited to, Yahoo and Google." Defendant objected to Request No. 5 because it is overly broad and unduly burdensome and seeks confidential and proprietary information.

As Plaintiff's Complaint is currently pled, the only search term at issue in this case is "American Surplus." For that reason, any other search terms that SJF may have purchased from any search engine, including Yahoo and Google, is not relevant to this claim. American Surplus does not claim, nor could it, that it has any rights to any other search terms that SJF may have bid on with Yahoo and Google. Unless and until Plaintiff amends its Complaint to allege that certain other search terms that SJF may have employed as part of its internet sales strategy infringed common law rights that Plaintiff alleges it has in those marks, none of the documents related to any of the search terms, other than "American Surplus," are relevant to this case. Further, Defendant has explained that it did not bid on "American Surplus" so it has no documents responsive to Request No. 5. For these reasons, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 5, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Request No. 6**

Request No. 6 sought "all documents concerning previous litigation between American Surplus and SJF." As an initial matter, no documents concerning previous litigation are relevant to whether SJF allegedly infringed any common law rights that American Surplus purportedly has to the mark AMERICAN SURPLUS. For that reason alone, Plaintiff's motion should be denied.

Notwithstanding the fact that the information sought is irrelevant, Defendant responded to Request No. 6 that, with the exception of attorney-client and work product information, all the correspondence and pleadings concerning prior litigation between these parties is also in the care, custody, and control of the Plaintiff. As the information responsive to Request No. 6 equally accessible to the Plaintiff as to the Defendant, SJF should not be compelled to reproduce information Plaintiff already has. For these additional reasons, Plaintiff's motion should be denied.

**Request No. 7**

Request No. 7 sought "all documents concerning SJF's business activities in Rhode Island." SJF responded that the request sought information that is not relevant and that Request No. 7 seeks confidential, proprietary business information.

In its Memorandum of Law, Plaintiff failed to explain why documents concerning SJF's business activities in Rhode Island are relevant as to whether SJF infringed Plaintiff's alleged rights in the mark AMERICAN SURPLUS. SJF has not contested the jurisdiction of this Court, so its contacts in Rhode Island are not relevant to this case. For these reasons, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 7, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Request No. 8**

Request No. 8 sought "all documents related to SJF's annual sales from its website and/or the internet." Defendant objected to Request No. 8 on the grounds that it was overly broad and unduly burdensome and also on the grounds that it seeks confidential and proprietary information.

With respect to the breadth and burdensome objections, the request is limitless in terms of dates even though Plaintiff's Complaint is based solely on allegations in 2005 and 2006.[3] Moreover, internet and website sales include far more than simply those sales generated by key words. In addition, there is no way to link any particular sale to any key word that might have sparked interest in the website because SJF cannot identify who typed in the key word, whether that person then clicked on the SFJ website, and then whether that person purchased anything from SJF. Accordingly, since the documents sought are not relevant to Plaintiff's damage calculations, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 8, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

[3] By Plaintiff's admission, the allegedly infringing activity stopped.

**Request No. 9**

Request No. 9 seeks "any and all documents related to SJF's annual sales, profits, overhead and expenses."

Defendant objected to Request No. 9 on the grounds that it is overly broad and unduly burdensome and seeks confidential and proprietary information. With respect to the breadth and burdensome objection, this case only involves internet sales, so SJF's annual sales, profits, and overhead and internet expenses are not relevant to Plaintiff's damage calculations, which presumably is the basis for the Request. Additionally, the Request seeks all documents "related to" annual sales, profits and expenses, which is so broad that it could include handwritten notes, correspondence and emails, not simply financial documents reflecting the information sought. Moreover, the Request is unlimited terms of dates even though Plaintiff's Complaint is based solely on allegations in 2005 and 2006. For these reasons, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 9, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Request No. 10**

Request No. 10 seeks "any and all documents related to SJF's advertising, including, but not limited to its internet advertising." Although Defendant objected to Request No. 10 on the basis of breadth and confidentiality, Defendant also produced exemplars of nonconfidential advertisements. As Plaintiff has not articulated any specific basis to seek additional documents responsive to Request No. 10, Plaintiff's motion should be denied.

Finally, the information sought is confidential and proprietary to SJF. To the extent the Court orders SJF to produce anything further in response to Request No. 10, SJF respectfully requests that any production be pursuant to a protective order that allows SJF to produce the information designated as "Attorney's Eyes Only" so that it may be viewed exclusively by Plaintiff's counsel pursuant to Fed. R. Civ. P. 26(c).

**Request No. 11**

In Request No. 11 Plaintiff sought "Any and all of SJF's documents that include the term 'AMERICAN SURPLUS' or 'AMERICAN' or 'SURPLUS.' SJF objected to the Request because it is overly broad to the extent it seeks every document SJF has containing the individual terms '"American" or "Surplus," neither of which individually is at issue in this suit. With respect to those documents with the term "AMERICAN SURPLUS,' to the extent any exist, they were produced in response to Request No. 10. Since SJF produced all relevant responsive information in its possession, custody or control, Plaintiff's motion should be denied.

**Request No. 12**

In Request No. 12 Plaintiff sought "Any and all documents involving the AMERICAN SURPLUS Mark including, but not limited to, correspondence, investigation, applications, and inquiries." SJF objected that certain documents responsive to the Request are protected from discovery by the attorney-client privilege and/or the work product doctrine. SJF further responded that all documents concerning correspondence, investigation, applications, and inquiries to the Patent and Trademark Office are all in the care, custody or control of Plaintiff. As Defendant has no additional non-privileged documents responsive to Request No. 12, Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, SJF requests that Plaintiff's Motion to Compel Discovery be denied.

SJF MATERIAL HANDLING, INC.
By its Attorneys,

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: April 27, 2006

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 27 day of April, 2006, I caused a true and accurate copy of the foregoing *Memorandum of Law in Support of Objection to Motion to Compel* to be served by First Class Mail on the above-named counsel of record.

Theresa Benson

H:\Clients\SJF Material Handling\Pleadings\Mem Obj MCompel Discovery.doc