**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN SURPLUS, INC.<br>Plaintiff, | : | |
| | : | C.A. No. 05-319S |
| vs. | : | |
| SJF MATERIAL HANDLING, INC.<br>Defendant. | : | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), defendant SJF Material Handling, Inc. ("SJF") hereby moves for an Order of this Court allowing the parties to produce sensitive and proprietary business information under a Protective Order in the form attached hereto as Exhibit A.

**Pursuant to Fed.R.Civ. P. 26(c), SJF hereby certifies that it has, in good faith, conferred or attempted to confer with American Surplus in an effort to resolve the dispute without court action and previously forwarded a copy of the proposed Protective Order to American Surplus for review and comment.**

As grounds for this Motion, SJF relies on the Memorandum of Law filed herewith.

SJF MATERIAL HANDLING, INC.
By its Attorneys,

[signature]

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: May 31, 2006

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 31 day of May, 2006, I caused a true and accurate copy of the foregoing *Motion for Protective Order* to be served by facsimile and First Class Mail on the above-named counsel of record.

Theresa Benson

H:\Clients\SJF Material Handling\Pleadings\MProtective Order

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICAN SURPLUS, INC.<br>Plaintiff, | : | |
| | : | C.A. No. 05-319S |
| vs. | : | |
| SJF MATERIAL HANDLING, INC.<br>Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION AND FACTS**

In its Complaint, plaintiff, American Surplus, Inc. ("American Surplus") alleges that "American [Surplus] and SJF are direct competitors for the same customers in connection with material handling equipment." Both American Surplus and defendant, SJF Material Handling, Inc. ("SJF"), have objected to producing documents and information in response to certain discovery requests concerning business strategies, business plans, advertising, sales and revenues on the grounds that the information is confidential and proprietary. As both parties appear to agree that business and sales information sought in discovery is proprietary, allowing the parties to produce the sensitive information pursuant to a Protective Order will protect the parties from disclosing information to their competitors and will facilitate discovery.

**ARGUMENT**

Fed. R. Civ. P. 26(c) provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending, . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment,

> oppression or undue burden or expense, including one or more of the following: ...
>
> ***
>
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

Fed. R. Civ. P. 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

Here, both parties have objected to discovery concerning (1) the specific terms of agreements with outside vendors, including advertisers; (2) customer lists; and (3) sales volume. Since both parties have agreed that each has confidential information needing protection, that is sufficient to meet the "good cause" requirement of Rule 26(c). *See United States v. Hooker, Chemicals & Plastics Corp.*, 90 F.R.D. 421 (WD NY 1981) (if the parties agree on the need for a protective order for mutual protection of their confidential information, it is generally conceded that either party could demonstrate the needed good cause if put to the test).

Moreover, SJF is not refusing to produce relevant information, but instead is requesting that the parties produce relevant sensitive information subject to the appropriate confidentiality designation. In its Complaint, American Surplus alleged that the parties are competitors. Permitting parties plaintiff describes as "competitors" to produce proprietary business information under the Protective Order will allow the parties or, where appropriate, their attorneys, access to information necessary to litigate and try the case without needlessly exposing either party's confidential and proprietary information in the course of the discovery process.

Accordingly, SJF respectfully requests that the Court enter the Protective Order proposed as Exhibit A and permit the parties to produce sensitive and proprietary business information under that Protective Order.

SJF MATERIAL HANDLING, INC.

By its Attorneys,

Craig M. Scott, Esq. # 4237
Christine K. Bush, Esq. # 5587
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: May 31, 2006

**CERTIFICATION**

To:

Harris K. Weiner, Esq.
The Law Offices of Jeffrey B. Pine, Esq., P.C.
321 South Main Street, Suite 302
Providence, RI 02903

The undersigned certifies that on the 31 day of May, 2006, I caused a true and accurate copy of the foregoing *Memorandum of Law in Support of Motion for Protective Order* to be served by facsimile and First Class Mail on the above-named counsel of record.

Theresa Benson

H:\Clients\SJF Material Handling\Pleadings\Mem MProtective Order.doc